John O. Dominis *v.* J. N. Paikuli *et al.*

## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J.J.*

## JOHN O. DOMINIS *vs.* J. N. PAIKULI ET AL.*

### JURY WAIVED.

A GRANTEE under a second but prior recorded deed held not to have had notice of the prior unrecorded deed, or to have been put upon inquiry by reason of statements made to persons assisting the grantee under the second deed in purchasing the land, that some persons were cultivating the land under the prior grantee, it not being shown that this was brought to the knowledge of the grantee under the second deed.

Opinion of the Court by JUDD, J.

This is an action of ejectment for the possession of a parcel of land at Waialua, Oahu, being Apana 2 of Royal Patent No. 909, containing 3 64-100 acres.

The plaintiff claims the land under deed of Naunauna, w., dated the 18th of July, 1874, and recorded on the 3d day of August, 1874.

The defendants defend under two leases from the same party, (Naunauna), one lease dated the 10th day of October, 1872, the other lease dated the 1st day of April, 1874. Both of the leases were recorded on the 15th of June, 1875.

The plaintiff claims that, as the leases to the defendants were not recorded until after plaintiff's deed, they are void as against the plaintiff, he claiming to be a subsequent purchaser in good faith, and for a valuable consideration, not having actual notice of these leases. The statute on this subject is as follows: (Civil Code, Section 1,262.)

"All deeds, leases, for a term of more than one year, or other conveyances of real estate within this Kingdom shall be recorded in the office of the Registrar of Conveyances, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration not having actual notice of such conveyance, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded."

The defendants claim that the plaintiff had actual notice, and that is the issue in the case.

The testimony offered is that of Naunauna herself, who stated, that at the time when J. Amara was negotiating with her for a purchase of the land in dispute for the plaintiff, she told him (Amara), that it was under lease to the defendants for twenty years. Mr. Amara, however, swears that he did not know the land was leased, had never heard of any lease before the sale of the land to Dominis; and that the woman Naunauna had never told him of the lease.

Kaiama states, that he told Owen J. Holt that the land was leased; but Mr. Holt swears that Kaiama told him there were natives there working under the woman, but that nothing was said about a twenty years' lease.

It is, therefore, not at all certain that either Amara or Owen J. Holt, who were assisting the plaintiff in making inquiries in regard to and in purchasing this land were aware of the lease, and no attempt is made to show that the plaintiff himself had actual notice. It may be urged that the fact that Owen J. Holt was told by Kaiama, that there were natives on the land working under this woman, (the grantor) was sufficient to put him on inquiry; however, that may be, it would not bind Dominis unless he knew of it; and Kaiama says, that Dominis was not near enough to hear this statement. The statute says that the subsequent purchaser must have actual notice of the previous deed, in order that the effect of the deed may be nullified. Now the defendants not only do

not bring home to the plaintiff any actual notice of the previous deed, but on the contrary the two persons through whom they seek to bring home the notice to the plaintiff, Amara and Owen J. Holt, not only say, that they did not tell the plaintiff that there was any previous lease of the land, but deny that they knew of any, or understood from the grantor, or from her friend Kaiama, that there was any such lease, Mr. Holt saying, that he understood Kaiama to say that the natives were working under the owner.

The leases, therefore, under which the defendants hold are void against the deed of the plaintiff, he not having actual notice and having first recorded his deed.

Judgment for plaintiff and costs.

Honolulu, May 6, 1876.

* This case was omitted in previous Reports.